**People of the State of Illinois, Plaintiff-Appellee, v. Grenell Coleman, Defendant-Appellant.**

**Gen. No. 49,547.**

First District, Second Division.
June 2, 1964.
Rehearing denied June 23, 1964.

R. Eugene Pincham and Charles B. Evins, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and Paul A. O'Malley, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

The defendant was indicted for the unlawful possession of a narcotic drug. In order to resolve a motion to suppress the evidence the court heard the testimony of witnesses. After denying the motion to suppress the parties stipulated that the testimony heard on the motion would constitute the "State's evidence." The defendant, who was represented by counsel, pleaded not guilty and waived trial by jury. The People say that there was a further stipulation that there was found in defendant's possession a quantity of white powder wrapped in a tinfoil package and in another wrapping of plastic, which was taken by one of the arresting officers to the Chicago Crime Detection Laboratory where it was inventoried and analyzed by a police chemist and found to contain 138.20 grams of white powder and that the white powder was subjected to chemical identity tests which indicated that the exhibit was diacetylmorphine hydrochloride, commonly called heroin. The defendant insists that the further stipulation did not go beyond the statement that at the time of the trial the defendant was 40 years of age. The court found the defendant guilty as charged in the indictment and sentenced him to imprisonment in the Penitentiary for a minimum term of 3 years and a maximum of 9 years.

On appeal he asks reversal of the judgment on the ground that there is not one iota of evidence in the record that he possessed a narcotic drug. The People say that the defendant was proved guilty beyond rea-

sonable doubt by competent evidence of the unlawful possession of a narcotic drug.

The arresting officers testified that they had been given information by a reliable informant that a person known as "Step," a man wearing a dark leather coat, riding in a cream and red 1957 Chrysler, would pick up narcotics at 8261 South Langley Avenue in Chicago on March 6, 1962, and that while the officers had this address under surveillance they observed the defendant, fitting the description, enter the described premises and thereafter exit therefrom and re-enter the automobile. The defendant became a passenger in a cream and red 1957 Chrysler automobile. The automobile proceeded west on 83rd Street and stopped at a stoplight at State Street in Chicago. Police Officer Clemie Paschal and his partner Officer Edward Jackson, pulled up behind the automobile in which the defendant was a passenger.

Officer Jackson testified that he and Officer Paschal got out of their car; that he went to the passenger side and Paschal to the driver's side; that the driver rolled the window down and Officer Paschal said "Step"; that the passenger, identified as the defendant, leaned over and answered to the call; that while leaning over he took a large foil wrapped package from his pocket and placed the package on the floor right underneath the seat; that they pulled the car over out of traffic; got both men out of the car and placed the defendant under arrest.

Officer Paschal testified that while he was on the driver's side the defendant, a passenger in the vehicle, said "Yes" after he called the name "Step"; that he talked to the driver of the car while Officer Jackson talked to the defendant; that shortly thereafter the defendant was placed under arrest. After testifying that the defendant was placed under arrest Officer Paschal was asked, "And did you have occasion to

470

recover something?" to which he answered "A package was recovered and that it was recovered by his partner."

The defendant testified that while he was a passenger in an automobile on 83rd Street waiting for the red light at State Street to change Police Officers knocked on the window and told the driver and defendant to get out of the automobile; that he got out; that the officer searched him; that the officer did not take anything from his person; that the officer went in the car and found something under the car seat; that he was riding as a passenger; that when the officer went into the car he came out with a package, inquired whether it was defendant's package, to which he answered, "No" and that in fact the package was not defendant's.

The People concede that in order to sustain a judgment of conviction for unlawful possession of a narcotic drug they must establish that the defendant had knowledge and control over the suspected narcotics at the place where they were found. Officer Jackson testified that while leaning over the defendant took a large foil wrapped package from his pocket and placed it on the floor underneath the seat. Officer Paschal in answer to a question as to whether he had occasion at the time of the arrest to "recover something" answered that a "package was recovered by his partner." We think that the report of proceedings shows that the People and the defendant stipulated that at the time the defendant was arrested there was found in his possession a quantity of white powder wrapped in a tinfoil package and in another wrapping of plastic which was taken by Officer Jackson, who placed the defendant under arrest, to the Chicago Crime Detection Laboratory where it was analyzed by a police chemist and found to be diacetylmorphine hydrochloride, commonly known as heroin.

Defendant urges that it could not be said from the colloquy that the defendant by his counsel stipulated to the possession of a narcotic drug which he in his testimony denied having had in his possession and that to so construe the colloquy would be to hold that the defendant's counsel stipulated that his client committed perjury. Stipulations in both criminal and civil cases are common. We do not know why the defendant stipulated that at the time of his arrest he had in his possession the package of white powder which on analysis was found to be a narcotic drug, commonly called heroin. We think that the evidence and stipulations establish beyond a reasonable doubt that the defendant had knowledge and control over the narcotic substance which he took from his pocket and placed underneath the seat. Therefore the judgment is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.